Thank you, Your Honor. My pronunciation, I'll just go with Vallin-Jauregui. Okay. May it please the Court, David Peterson, Federal Defenders, on behalf of Victor Vallin-Jauregui. And if allowed, I'll try and keep my eye on the clock to reserve two minutes for rebuttal. The sentence in this case should be reversed because the District Court treated the guidelines as mandatory rather than advisory and presumed those guidelines to be reasonable. And I believe there are three clear indications of this in the record. First, the Court stated it was utilizing a procedure whereby, with a plea agreement, it was required to make findings before sentencing outside the guideline range. Now, we're here. There was no plea agreement, so that was an erroneous belief on behalf of the Court. But nonetheless, it stated that it was utilizing that procedure. But he only made that statement once. I mean, there were other times he said, there's no plea agreement here, there's no plea agreement here, there's no plea agreement here. One occasion he said, there's a plea agreement. That's correct. And when he said there was a plea agreement, he said that he was analyzing the case under Section 61.2 of the guidelines. So I don't agree with the government that he was operating the entire time under the assumption that there was a plea agreement. I think it was at the end, if I may use the phrase, there was a little bit of autopilot going on, but at a critical time, which was the time of pronouncement of sentence, where the Court's thinking to itself, well, I either have to sentence within the guideline range or make findings that the sentence departs from the applicable guideline range for justifiable reasons. And I think that that does treat that guideline range as mandatory at that time in the sentencing. I think the second indication that the Court was treating the guidelines as mandatory was its response to How long has Judge Whalen been a judge? I don't know the number of years. Quite some time, he's a judge on the federal bench and has been for longer than I've been an attorney, I'll say that much. And before that, he was a state court judge. I think he's got a lot of experience. Frankly, it's hard for me to believe that any judge who's awake thinks the guidelines are mandatory anymore. And I think that is a distinction I'd like to draw. I think every district judge in the country knows that the guidelines are advisory. Cardee, nonetheless, says that it's error to treat them as mandatory. And Nelson, the Supreme Court, said the guideline range may not be presumed reasonable. And I think the record on a whole indicates that that is what was going on in the sentencing hearing. Now, to what extent was an objection made at sentencing along the ground that you're now giving us today? The objection that was made at sentencing... I mean, were you the trial lawyer? I was. Did you stand up and say, time out, you're treating these things as mandatory? I was not that clear. I objected to... You didn't say it at all. What I would point to is, at excerpts of Record 92, I objected to the court's use of the plus 16 enhancement. You know, frankly, it's kind of weird that this is supposed to be so clear to us, but you were standing right there and it didn't seem to be clear to you at the time. Or you would have said, wait a minute, am I wrong about that? I mean, if you had realized that what you now say went on was going on, wouldn't you have said, Judge, you know, we all know these are mandatory, et cetera, et cetera. You didn't seem to think that was going on as far as I can tell from the record, did you? Well, what I'm saying throughout the transcript, and this is at ER 84, I'm saying the court should consider 3553. I think there's sort of a level of imploring, saying, please, consider 3553, consider... Now, again, you're trying to tell us that the judge didn't consider that? He said he read and considered the PSR. That's correct. The court did say that it read and considered the PSR. Does the PSR set forth the 3553 factors? The PSR says in one sentence that there's no grounds to depart under 3553, or vary, rather, under 3553. And my sentencing memorandum made several arguments to vary under 3553. And he read that, too? And he did read that. So now we're supposed to assume that he didn't. But the problem is, when I object... You're trying to convert substance into form. It just doesn't work. I think Cardi and, more recently, a number of cases, Rassam, say that it's a two-step process, the review, and the first step is procedural reasonableness. And if there is procedural error, appellate review as to substance of reasonableness is foreclosed. So what are you asking us to do? I'm asking to reverse the sentence and remand for resentencing in light of 3553A, in light of the fact that the court must treat the guidelines as advisory rather than mandatory. And I think the second indication that the court was... But he said the guidelines are advisory. He did say that. He noted that the guideline made was advisory. He said, I've considered both your argument for downward departure and the government's argument in favor of a higher end sentence. He said that the guidelines were advisory. But then when I objected, I did object, and I said, Your Honor, I'm objecting to the 16-level enhancement as applied. And what he said was, I reject that argument. The 16-level enhancement is called for by the guidelines. That's not consideration of an argument saying that under 3553A, the court should not consider a 16-level enhancement as applied. Well, but as I read him, and you raise this very much at the end of the sentencing proceeding. Correct. And the judge says, well, I understand your objection, and I specifically deny it. The guidelines specifically call for the 16-level enhancement if the underlying defense, da-da-da. Well, if the guidelines are advisory, which is what you argue, you better understand what the guidelines are so you can understand their advice. It doesn't mean you have to follow them. So it is relevant to his decision, even if they're advisory, to know what the guidelines say. And so when he rejects your argument about the 16 levels, well, okay, I'm trying to get the advice from the guidelines correct. And then Cardi says that the court has to move on and consider the 3553A factors. And my argument under 3553A was rejected by the court where it said, I understand your objection. The guidelines specifically call for that enhancement. That's not a response to the 3553A arguments put forth. Now, if you were to abandon the argument that the judge thought the guidelines were mandatory. Yes. And if you were to say the judge realized that the guidelines were advisory, would you still argue that there's not been enough consideration by the judge or I should say articulation by the judge of the 3553 factors? Absolutely, Your Honor. I think that the- And what does the judge have to say to make it sufficiently clear for us that he's considered the 3553 factors? The short answer, Your Honor, is something individualized to the defendant. The reason-Cardi does say the court must give adequate explanation for the sentence. And all we have here is that the court knows what the statutory maximum is and has reviewed the criteria in 3553A. There's literally nothing in the explanation of sentence that couldn't be applied to any defendant across the country at any time. But that's not true. I mean, at ER 81, he says-I'm going to consider the prior California conviction, assault with a firearm in the court's mind involves the use or attempted or threatened use of a physical force against the person of another, which is the definition of a crime of violence as contained in Guidelines Section 2L1.2. But he says in the court's mind involves the use or attempted or threatened use of physical force against the person of another. So it's not like he simply applied the guidelines blindly. But he said, in my mind, this prior conviction applies here, assault with a firearm. That is a guidelines calculation. And Cardi does say it's a two-step process. The court first must calculate the guidelines. And that language that Your Honor is citing to is directly out of 2L1.2 of the guidelines. So it's making a guidelines finding there. That's not an explanation of why the sentence is imposed. For example, what do we have to explain why the sentence was mid-range rather than low-end? We have nothing on this record. Did you ask that there be an explanation of that? You know, we see these things all the time. And if lawyers think something's going on that's wrong, they've got to speak up at the sentencing. Don't waste our time up here. I was less than clear. Yeah, you were really less than clear. But I did object to see something. That's your front line of defense. That's where you should do it. If you think your client's getting screwed to put it in the vernacular, you better stand up right then and say so. And at the time, I thought I was saying so. And I still believe that I did sufficiently say so by saying I object to the plus 16. A strike sufficiently. Those are kind of like these around-the-edges words. I believe I said so when I said that. This could be a learning opportunity for you. If you think something like this is going on, you better flag it on the spot. It's absolutely a learning opportunity. But I did repeatedly request the court to consider 3553. And at the end of the sentence, I did object to the plus 16 enhancement as unreasonable as applied. Let's hear from the government. You've got three seconds left, but I bet we'll give you a minute. Thank you very much. May it please the Court. Your Honor, my name is Andrew Shopler on behalf of the United States. Back on October 7th, 2008, when these sentencing proceedings concluded, Judge Whalen and the entire courtroom would have been very surprised to hear that almost two years later, the issue on appeal was the adequacy of his explanation of the 3553A factors. Let me ask you this. If there had been a clear objection, which there was not, if there had been a clear objection, Judge, you really need to explain how you figured in the 3553 factors. And the judge said, I've done all the explaining I'm going to do, and the transcript remains as it is. Has the judge performed properly his duty under 3553? I believe that the cases say that he has. That may be right. The reason I'm saying it this way is that I think that with the exception of perhaps Judge Noonan, all the rest of us are willing to let it slide because it's pretty clear as you look through this. I mean, Judge Whalen says very clearly, I've read this, I've read this, I've read this, I've read this. Here's my tentative. Here's my calculation with respect to the 16 levels. I want to listen to everybody. He listens to everybody, and then he imposes a sentence one month below sort of the mid-range. But he doesn't say explicitly anything about the 3553 guidelines. And we are willing to infer that he's done so, but he hasn't said it explicitly. But the truth is we kind of let it slide. And I think the cases, specifically there's a Mescua-Vasquez where this court said, although it is the better practice for district courts to explain whether they accept or reject non-frivolous arguments tethered to a relevant 3553A factor, a sentencing judge does not abuse his discretion when he listens to the defendant's arguments and then simply finds the circumstances insufficient to warrant a sentence lower than the guidelines range. You know what the better practice is? It's also for the prosecutors to flag it if there's a shortcoming in this area so we don't end up here. We're here all the time on the same argument. And if prosecutors were simply a little more alert, you could force a follow-up. Well, I think one reason that this didn't come up in the district court is it wasn't simply that the defense didn't object. It was that the defendant said or I'm sorry, the defense counsel said when he was talking to the judge at the end of the proceedings, this is something I put in my sentencing memorandum. Because of that, I'm aware that you took it into consideration. So when they're not only not objecting but affirmatively telling the court and opposing counsel that we understand the court's considered everything, why would I get up and object and try to make a better record? I'm sure the federal defenders are up here all the time making this argument. You really haven't answered Judge Fletcher's question. I mean, what should the district judge do to show that he or she has considered the 3553A factors? For nothing, just say, yeah, I've looked at everything. I've considered it all. I believe that that is sufficient under the cases for a within-guidelines sentence. But here what Judge Fletcher said, you know, we're willing to let it slide. Now maybe we should use this case and say here's what you need to do. Well, I really don't think that this is the case to do that for a couple reasons. One is because the court was led to believe that the defense was on board, it had no reason to give a further explanation. The court thought its explanation was sufficient.  Which was, by the way, 29 pages of briefing, pre-sentence briefing. Approximately half a page was devoted to such 3553A factors. Speaking only for myself, although I can kind of guess where my colleagues are on this point, I'm going to vote to affirm. It's pretty clear to me that Judge Whalen paid close attention and he had things in his head. But I'll say in slightly different words what Judge Trott has just said. I really don't like these 3553 appeals, and we do get them all the time. And it would be useful if the district judge had said enough so that it's not even a colorable argument and your office may be able to help. Well, given that, certainly I plan on going back to my office after this case and making it well known, you know, that it does make these cases much simpler if the judge at least addresses them. But the fact of the matter is applying the law of this circuit, I think Judge Whalen felt he had given an adequate explanation. Both in Inmezcua-Vasquez and Stodaro, the judges didn't address the 3553A arguments raised by the defense at all, but those were within guideline sentences. And all of the cases the defendant relies on are outside of guideline sentences. You ought to read what Judge Fletcher told you. You ought to sink in. What did he say? He said that we ought to ensure that the judge gives at least some explanation to make sure there's not even a colorable argument. Thank you. Thank you, Your Honor. Thank you, Your Honors. Do you want to say something? I think I'm afraid you've gotten your answer. I believe I have. I would just say that I believe under the law of this circuit, Inmezcua-Vasquez does set the floor. Inmezcua-Vasquez, even there, I feel like the Court of Appeals was not ecstatic about the level of explanation but said that's the floor. Inmezcua-Vasquez, the explanation was, A, lengthier, and, B, it was individualized to that defendant. Let me interrupt. I might say on your side, and, again, it's a variation of what Judge Tracht just said, I think you would help your clients in making an objection so that the judge does have a chance to articulate the 3553s, not merely so to deprive you of a colorable appeal, but the truth is those factors are useful, and it may very well be that occasionally the judge going through them may be brought to see something that he or she had not previously seen. Yes, Your Honor. Thank you. Thank you. United States v. Vaheen is submitted for decision. The next case on the calendar has been submitted. That's ReadyLink Healthcare v. Evanston Insurance. We have a case that's been taken off calendar, Marcella v. Holland America. The next argued case, Miller v. Los Angeles.
judges: Mahan, Trott, Fletcher W.